**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**MARKUS A. BELL,**

**Plaintiff,**

**v.**

**Civil Action 1:26-cv-864**
**Judge Michael R. Barrett**
**Magistrate Judge Chelsey M. Vascura**

**MEREDITH E. MAHILO, *et al.*,**

**Defendants.**

**ORDER and REPORT AND RECOMMENDATION**

Plaintiff, Markus A. Bell, an Ohio inmate proceeding without the assistance of counsel, sues several individuals for improper medical and mental health treatment while incarcerated. (Compl., ECF No. 1-1.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim on which relief may be granted and for lack of subject-matter jurisdiction.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff must pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1).

Plaintiff's certified trust fund statement reveals that he has $0.00 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A789626) at the Toledo Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

Prisoner Accounts Receivable
260 U.S. Courthouse
85 Marconi Boulevard
Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.

# I. STANDARDS OF REVIEW

## A. Failure to State a Claim

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See Hill v.*

*Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B. Lack of Subject-Matter Jurisdiction

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. When the Court lacks subject-matter jurisdiction to hear the asserted claims, however, it is unnecessary to consider the merits. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urb. Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II. ANALYSIS

Plaintiff alleges that on July 15, 2025, he was forced to begin taking the drug Zyprexa, which Plaintiff characterizes as "a deadly psychotropic barbiturate . . . that has caused me irreversible damage, corporeally and personally." (Compl. 5, ECF No. 1-1.) Plaintiff further alleges that in 2022, he was forced onto the Mental Health Caseload because he complained about staff misconduct. (*Id.* at 7.) Plaintiff asserts that his classification on the Mental Health Caseload prevents him from being eligible to work certain jobs. (*Id.*) As relief, Plaintiff seeks removal from the Mental Health Caseload and an end to the forced administration of Zyprexa. (*Id.* at 6.)

Although Plaintiff lists six Defendants (Meredith E. Mahilo, Jennifer M. Thornsberry, Psy.D., James C. Lawson, Carlos Cheng, M.D., Kathryn D. Richardson, and M. Mulinex, CNP) in the "Defendants" section of the Complaint form (*id.* at 4), these individuals are not mentioned in the body of the Complaint. And based on the addresses Plaintiff provides for each of them,

they are or were employed variously at the Correctional Reception Center, Chillicothe Correctional Institution, Lebanon Correctional Institution, Warren Correctional Institution, or Toledo Correctional Institution. (*Id.*) And as Plaintiff does not specify where he was incarcerated during the relevant incidents in 2022 and 2025, it is impossible to tell which Defendants are allegedly responsible for which allegedly unlawful acts. As a result, to the extent that Plaintiff intends to advance individual-capacity claims for damages under 28 U.S.C. § 1983 for violation of his constitutional rights, then those claims must be dismissed because Plaintiff fails to allege that any particular Defendant was involved in the administration of Zyprexa or his placement on the Mental Health Caseload. The United States Court of Appeals for the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Heyward v. Cooper*, 88 F.4th 648, 661 (6th Cir. 2023) (quoting *Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011) and *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (emphasis in original). "[C]ategorical references to 'Defendants'" do not meet this standard. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012). Nor do allegations that an individual defendant "was present and perhaps involved in" the plaintiff's injuries without allegations as to the unconstitutionality of the individual defendant's actions. *Lanman*, 529 F.3d at 684. Here, Plaintiff alleges in the passive voice only that he "was (forced) onto a deadly psychotropic barbiturate called 'Zyprexa'" and that he "was (forced) onto the Mental Health Caseload"; his allegations therefore fail to state an individual-capacity claim for violation of his constitutional rights under § 1983 against any of the Defendants.

To the extent that Plaintiff seeks injunctive relief against Defendants under § 1983, those claims must also be dismissed against all Defendants who are not currently employed at the Toledo Correctional Institution—Plaintiff's current place of incarceration. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that inmate's claims for declaratory and injunctive relief were rendered moot upon inmate's transfer from the prison about which he complained). The only Defendant for whom Plaintiff provided a Toledo address is M. Mulinex, CNP. Thus, Plaintiff may proceed on his claim for injunctive relief under § 1983 against Defendant Mulinex. But this Court, in the Southern District of Ohio, is not the proper venue for claims against Toledo-based Defendants arising out of Toledo-based conduct. (*See* 28 U.S.C. § 1931(b)) (venue is proper in the judicial district where any defendant resides or where a substantial part of the events giving rise to the claim occurred). Thus, severance and transfer under 28 U.S.C. § 1406(a) of Plaintiff's official-capacity claims under § 1983 for injunctive relief against Mulinex to the District Court for the Northern District of Ohio, Western Division at Toledo, is appropriate.

Further, to the extent that Plaintiff intends to advance state-law claims (such as medical malpractice or battery), this Court lacks original subject-matter jurisdiction over those claims. Federal district courts have jurisdiction over state-law claims only as provided by 28 U.S.C. § 1332, which governs diversity of citizenship jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). For a federal court to have diversity jurisdiction under § 1332(a), complete diversity of citizenship must exist (which means that each plaintiff must be a citizen of a different state than each defendant) and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Further, Federal Rule of Civil Procedure 8 requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Thus, "a plaintiff seeking diversity jurisdiction [must] set

forth the factual basis on which that jurisdiction is predicated." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[I]t is to be presumed that a cause lies outside [the Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). But here, Plaintiff neither alleges that the parties are citizens of different states nor alleges the citizenship of the parties at all. Nor does Plaintiff allege that the amount in controversy exceeds $75,000. Plaintiff therefore has not plausibly alleged that § 1332's diversity of citizenship or amount in controversy requirements are satisfied and the Court lacks original subject-matter jurisdiction over any state-law claims.

To the extent that Plaintiff asserts state-law claims against Defendant Mulinex that form part of the same case or controversy as Plaintiff's federal injunctive relief claims, however, the Court may exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a). Thus, any state-law claims against Defendant Mulinex should also be severed and transferred to the Northern District of Ohio.

## III. DISPOSITION

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. In addition, for the reasons above, the undersigned **RECOMMENDS** that the Court (1) sever and transfer Plaintiff's official capacity claims under 28 U.S.C. § 1983 for injunctive relief, and any related state law claims that form part of the same case or controversy, against Defendant Mulinex to the District Court for the Northern District of Ohio, Western Division at Toledo, and (2) **DISMISS** Plaintiff's remaining claims under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim on which relief may be granted and for lack of subject-matter jurisdiction.

**PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE